UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
KESTON BRAITHWAITE,

          Plaintiff,

      -against-                         **ORDER**
                                       22-CV-0161(JS)(AYS)

HONORABLE JOHN B. COLLINS,
Justice Supreme Court Suffolk County;
TIMOTHY SINI;
District Attorney Suffolk County;
MEAGHAN POWERS,
Asst. District Attorney Suffolk County;
WAYNE HETER,
Suffolk County Police Department; and
JOHN DOE,
Suffolk County Police Department;

                Defendants.
---------------------------------------X
APPEARANCES
For Plaintiff:          Keston Braithwaite, <u>Pro Se</u>
                     759792
                     Suffolk County Correctional Facility
                     110 Center Drive
                     Riverhead, New York  11901

For Defendants:         No Appearance


SEYBERT, District Judge:

        The Court is in receipt of Plaintiff's undated, 34-page submission, which has been docketed as a "Motion to Amend".  (<u>See</u> ECF No. 12.)  While it appears that Plaintiff is attempting to amend his Complaint, that is not clear from his cover letter[1] included with the submission (<u>see</u> <u>id.</u> at ECF p.33), and the Court

---

[1] The Court notes that Plaintiff's undated cover letter was notarized on January 30, 2022.  (<u>See</u> ECF No. 12 at ECF p.33.)

refrains from reaching that conclusion.  In any event, to the extent Plaintiff is attempting to amend his original Complaint (see ECF No. 1), the Court does not accept Plaintiff's current piecemeal attempt to do so.

> The filing of amended pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure.  A party may amend, as of right, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  See Fed. R. Civ. P. 15. An amended complaint is intended to replace and supercede in its entirety the previous complaint.  Once accepted for filing, the amended complaint becomes the operative pleading, and the original complaint is no longer considered.  See Dluhos v. Floating & Abandoned Vessel, Known as New York, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (citing Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)).

Bennett v. Fletcher, No. 17-CV-0849, 2018 WL 557885, at *1 (N.D.N.Y. Jan. 18, 2018) (emphasis added).

In the Northern District of New York, the court has a local rule which states that a "party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference."  Bennet, 2018 WL 557885, at *1 (quoting N.D.N.Y.

Local Rule 7.1(a)(4)[2]).  One purpose of that local rule is to require "that an amended complaint be itself a complete pleading . . . to ensure that all of the allegations asserted against the defendants be contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him." Id. (citing Walker v. Fischer, No. 10-CV-1431, 2012 WL 1029614, at *10 (N.D.N.Y. Mar. 26, 2012)).  "This requirement also eliminates the confusing nature of 'piecemeal' amended complaints." Id. (citing Chapdelaine v. Keller, 95-CV-1126, 1999 WL 34998130, at *1 (N.D.N.Y. Sept. 28, 1999)). In this way, the amended complaint may stand alone as the sole complaint in the action, eliminating any confusion a piecemeal approach could cause.  See id.; see also, e.g., Gomez v. Dep't of Corr. & Cmty. Supervision, No. 18-CV-0773, 2018 WL 4846411, at *1 (N.D.N.Y. Oct. 5, 2018) ("In other words, an amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in the action.").

While the Eastern District of New York does not have an analogous local rule, the Court finds it is sensible to follow the

---

[2]  The Court notes that Northern District of New York Local Rule 7.1(a)(4) has been renumbered; it is now known as Local Rule 15.1(a).  The change in the local rule number has no bearing upon this Court's reliance upon that rule as guidance, as is discussed herein.

guidance of this Northern District local rule.  First, as a general matter, courts have the inherent authority "to manage their dockets . . . with a view toward the efficient and expedient resolution of cases."  Dietz v. Bouldin, 579 U.S. 40, 41 (2016).  Second, and of import here, requiring a single, stand-alone amended complaint will ensure that all parties -- Plaintiff, Defendants, and the Court -- know precisely the claims that Plaintiff is raising and against whom they are brought.  In other words, requiring this amendment is to ensure the Court's "fair administration of justice," Dietz, 579 U.S. at 41, by making sure Plaintiff's claims are fully known, as well as making sure the Defendants against whom Plaintiff wishes to make these claims are properly on notice and know all claims alleged against them.

Accordingly, **IT IS HEREBY ORDERED** that the Motion to Amend (ECF No. 12) is **DENIED** without prejudice;

**IT IS FURTHER ORDERED** that the Plaintiff shall have until March 31, 2022 to file an amended, stand-alone complaint, which is to be clearly marked as "Amended" and to bear the case number: "No. 22-CV-0161 (JS)(AYS)".

**IT IS FURTHER ORDERED** that **PLAINTIFF IS ON NOTICE:**

(1) If Plaintiff files an amended complaint, it will replace his original Complaint, which will no longer be operative and have no effect;

Page 4 of 6

(2) "Any . . . amended complaint submitted must be a complete pleading which sets forth all of the claims Plaintiff seeks to assert in this action against [all] the persons named as defendants.  Any . . . amended complaint will be subject to the Court's review pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915(b)(1)."  <u>Gomez</u>, 2018 WL 4846411, at * 2; and

(3) <u>If an amended complaint is not timely filed by March 31, 2022, the operative complaint in this action will remain his original Complaint (ECF No. 1 (filed on January 10, 2022)), and the Court **WILL NOT** consider his undated, 34-page submission (ECF No. 12 (filed February 10, 2022)) as part of the Complaint.</u>

**IT IS FURTHER ORDERED** that the Court defers ruling on Plaintiff's Motions for Leave to Proceed <u>In Forma Pauperis</u> (ECF Nos. 2, 9) until after an amended complaint has been timely filed or, if no timely amended complaint is filed, after March 31, 2022.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and, therefore, <u>in forma pauperis</u> status is DENIED for the purpose of any appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail a copy of this ORDER to Plaintiff, including the notation "LEGAL MAIL" on the mailing envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     February _11_, 2022
           Central Islip, New York