```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
KESTON BRAITHWAITE,

                    Plaintiff,

        -against-                           MEMORANDUM & ORDER
                                            22-CV-0161(JS)(AYS)
HONORABLE JOHN B. COLLINS, Justice
Supreme Court, Suffolk County;
TIMOTHY SINI, District Attorney,
Suffolk County; MEAGHAN POWERS,
Assistant District Attorney, Suffolk
County; WAYNE HETER, Suffolk County
Police Department; JOHN DOE, Suffolk
County Police Department; HON. TIMOTHY
P. MAZZEI, Justice Supreme Court;
JACOB KUBETZ, Assistant District
Attorney, Suffolk County; BRIAN M.
KARP, D/SGT. Badge # 0639, Suffolk
County Police Department; MICHAEL
COSGROVE, D/SGT. Badge # 0539,
Suffolk County Police Department;
DANIEL FISCHER, D/SGT. Badge # 0611,
Suffolk County Police Department;
GHYSLINE C. MCBEAN, Badge # 1212,
Suffolk County Police Department;
RICHARD PALAZZOLO, Badge # 1323,
Suffolk County Police Department;
MICHAEL PAPOCCHIA, Suffolk County
Police Department; SEAN C. COMISKEY,
Badge # 1251, Suffolk County Police
Department; CHARLES FLACKER, Badge
# 1334, Suffolk County Police
Department; ERIK M. PERELLI,
D/SGT. Badge # 633, Suffolk County
Police Department; DETECTIVE NEKNEZ,
Badge # 1515, Suffolk County Police
Department; DETECTIVE CIANFROGNA,
Badge # 1475; DETECTIVE KROLIKIEWICZ,
Badge # 1531, Suffolk County Police
Department; DETECTIVE SALEH, Badge #
1533, Suffolk County Police Department;
```

1

DETECTIVE COLBY, Badge # 1656, Suffolk
County Police Department; JOHN DOE #2,
Foreperson/Grand Juror # 8A; JOHN DOE #3,
Assistant Foreperson/Grand Juror
No. 8A; JOHN DOES #4-21; Clerks of
the Court at 210 Center Drive,
Riverhead, NY; JOHN DOE #22, Assistant
District Attorney; SUFFOLK COUNTY POLICE
DEPARTMENT; SUFFOLK COUNTY DISTRICT
ATTORNEY OFFICE; JASON RUSSO, ESQ.;
STEVEN GAITMAN, ESQ.; GAITMAN & RUSSO,
PLLC; and, STEVE FONDULIS, ESQ.,

                    Defendants.
-----------------------------------X
APPEARANCES
For Plaintiff:      Keston Braithwaite, pro se
                    759792
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     No appearance.


SEYBERT, District Judge:

      Before the Court is the application to proceed in forma pauperis ("IFP") (hereafter, the "Application") filed by incarcerated pro se plaintiff Keston Braithwaite ("Plaintiff") in relation to his Amended Complaint filed on March 21, 2022 pursuant to 42 U.S.C. § 1983 ("Section 1983"). (IFP Application, ECF Nos. 2, 9; Am. Compl., ECF No. 19.) For the reasons that follow, Plaintiff's IFP Application is GRANTED; however, his claims seeking: (1) injunctive relief are sua sponte DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(h)(3);

2

-

and (2) monetary damages are STAYED pending the resolution of the underlying state criminal proceedings against Plaintiff.

BACKGROUND[1]

I. Procedural History

On January 10, 2022, Plaintiff filed a 52-page Complaint using the Court's Section 1983 Complaint Form with 47 additional, handwritten pages attached. (See Compl., ECF No. 1.) The gravamen of Plaintiff's Complaint is that he is being unfairly prosecuted in state court during an on-going criminal prosecution.[2] (See id., generally.) Plaintiff then filed, inter alia, an undated 34-page submission that the Court liberally construed as a Motion to Amend the Complaint.[3] (See ECF No. 12.) Given Plaintiff's piecemeal approach, by Order dated February 11, 2022, the Court denied the Moton to Amend without prejudice and ordered Plaintiff "to file an amended, stand-alone complaint, which is to

---

[1] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

[2] According to the information maintained by the New York State Office of Court Administration on its public website, Plaintiff is a pretrial detainee having pled not guilty in Suffolk County Court, Criminal Term, Case No. 00308C-2020, to a multi-count indictment including two counts of Operating as a Major Trafficker, a class A-1 felony, and Conspiracy in the Second Degree, a class B felony.

[3] The submission was sworn to on January 30, 2022 and docketed on February 10, 2022.

3

be clearly marked as 'Amended' and to bear the case number: 'No. 22-CV-0161 (JS)(AYS)'" by March 31, 2022.  (See Order, ECF No. 13.[4])  In compliance with the February 2022 Order, on March 21, 2022, Plaintiff timely filed a 243-page Amended Complaint against 43 defendants challenging his on-going state court prosecution. (See Am. Compl. ECF No. 19.)

## II.  Amended Complaint

Plaintiff's Amended Complaint raises 24 causes of action which largely include Plaintiff's transcriptions of court proceedings and exhibits.  According to the Amended Complaint, the investigation leading to Plaintiff's arrest, his arrest, and his on-going prosecution are violative of Plaintiff's constitutional rights.  Plaintiff alleges improprieties with, inter alia, wiretaps, video surveillance, his arrest, and court appearances (including the representation by his attorneys), and alleges broad claims of judicial and prosecutorial misconduct for which Plaintiff seeks "the dismissal of all charges" in addition to $ 100 million in compensatory and punitive damages.  (See Am. Compl. generally and at 241-42 (Part III:  Relief).)

---

4  Also available on Westlaw at 2022 WL 426165.

4

DISCUSSION

I. Plaintiff's *In Forma Pauperis* Application is Granted

Having reviewed his financial status, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP Application is GRANTED.

II. Consideration of Complaint Under the Section § 1915A Analysis

A. Applicable Law

1. 28 U.S.C. § 1915A

Section 1915A of Title 28 requires federal district courts to screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's civil rights complaint, or any portion of that complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint without prejudice if the Court lacks subject matter jurisdiction. See FED. R. CIV. P. 12(h)(3). The Court is

5

required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

6

2. <u>Abstention</u>

In <u>Younger v. Harris</u>, the Supreme Court concluded that although federal courts have the power to enjoin state criminal proceedings "when absolutely necessary for protection of constitutional rights . . . this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." 401 U.S. 37, 45 (1971). In <u>Sprint Communications, Inc. v. Jacobs</u>, the Supreme Court clarified that <u>Younger</u> abstention is required in one of three types of state court proceedings:

> First, <u>Younger</u> preclude[s] federal intrusion into ongoing state criminal prosecutions. Second, certain civil enforcement proceedings warrant[] abstention. Finally, federal courts [should] refrain[] from interfering with pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.

571 U.S. 69, 78 (2013) (internal quotation marks and citations omitted); <u>see also</u> <u>Lowell v. Vermont Dep't of Children & Families</u>, 835 F. App'x 637, 638 (2d Cir. Dec. 1, 2020) (summary order) (affirming district court's application of <u>Younger</u> abstention).

[Remainder of Page Intentionally Left Blank.]

B. <u>Application</u>

1. <u>Injunctive Relief</u>

Here, insofar as Plaintiff seeks injunctive relief, this Court must abstain from intervening in the ongoing state court criminal proceedings against him. First, dismissing the charges against Plaintiff would surely constitute the type of "federal intrusion into ongoing state criminal proceedings" that <u>Younger</u> proscribed. <u>See Sprint Commc'ns</u>, 571 U.S. at 70. Moreover, Plaintiff fails to allege any facts that would bring his case within any exception to the general requirement that the federal court abstain from intervening in, or enjoining, pending state criminal proceedings. Accordingly, the Court ABSTAINS from adjudicating Plaintiff's constitutional claims seeking injunctive relief regarding his pending state criminal case. <u>See</u> <u>Diamond "D" Const. Corp. v. McGowan</u>, 282 F.3d 191, 197 (2d Cir. 2002) ("[W]hen <u>Younger</u> applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter."); <u>Player v. Sini</u>, No. 21-CV-5613(JS)(JMW), 2021 WL 5084172, at *2 (E.D.N.Y. Nov. 1, 2021) (abstaining from adjudicating constitutional claims seeking injunctive relief regarding plaintiff's pending criminal case); <u>London v. Nassau County Dist. Attorney's Off.</u>, No. 20-CV-3988(JS)(AKT), 2020 WL 7699644, at *9 (E.D.N.Y. Dec. 28, 2020)

(same).

### 2. Monetary Damages

Unlike claims for declaratory and injunctive relief, the Second Circuit has held that claims for monetary damages should not be dismissed under Younger abstention. Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000). However, given that the claims set forth in the Amended Complaint are closely intertwined with the on-going state criminal case, prosecution of such claims in this Court at this juncture would be premature. Accordingly, adjudication of such claims is STAYED pending the conclusion of the underlying criminal case. Therefore, the Clerk of the Court shall administratively CLOSE this case. Plaintiff may request, in writing, that this case be re-opened within 30 days of the conclusion of his state court criminal proceedings, if so warranted at that time. See, e.g., Williams v. Toto, No. 20-CV-4593(PKC)(VMS), 2021 WL 2351176, at *12 (E.D.N.Y. June 9, 2021) (staying Section 1983 claims until the resolution of the pending criminal case, "the outcome of which could affect the viability, scope, and/or resolution of one or more of Plaintiff's Section 1983 claims against [defendant]" (citing Wallace v. Kato, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to

9

rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended")); Stegemann v. Rensselaer Count Sheriff's Off., 648 F. App'x 73, 78 (2d Cir. 2016) (summary order) ("Because [plaintiff]'s underlying criminal action is ongoing, the better course might be for the District Court to hold [plaintiff]'s civil action in abeyance until a judgment of conviction has been entered in his criminal case."); Safran v. Singas, No. 20-CV-4537 (PKC) (SMG), 2020 WL 7125232, at *5 (E.D.N.Y. Dec. 4, 2020) (staying false arrest claims pending the outcome of plaintiff's state court criminal proceedings); McKeever v. Singas, No. 19-CV-1756(JS)(SIL), 2019 WL 2646574, at *3 (E.D.N.Y. June 26, 2019) (staying Section 1983 action pending resolution of the underlying state court criminal prosecution); Henderson v. Fludd, No. 19-CV-02675(JMA)(AYS), 2019 WL 4306376, at *3 (E.D.N.Y. Sept. 11, 2019) (same).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's IFP Application is GRANTED;

**IT IS FURTHER ORDERED** that the claims seeking injunctive relief in the Amended Complaint are sua sponte DISMISSED WITHOUT

10

PREJUDICE pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure;

**IT IS FURTHER ORDERED** that the claims seeking damages are STAYED pending the conclusion of the underlying criminal case, and the Clerk of the Court shall administratively CLOSE this case;

**IT IS FURTHER ORDERED** that Plaintiff may request, in writing, that this case be re-opened within 30 days of the conclusion of his state court criminal proceedings, if so warranted at that time;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum & Order to the pro se Plaintiff at his address of record and include the notation "LEGAL MAIL" on the envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  May  23 , 2022
        Central Islip, New York